

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| YAHYA AZIM WATSON,  )<br>  )<br>          Petitioner,  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>          Respondent.  )<br>  ) | Criminal No. 1:07CR396<br>Civil Action No. 1:10CV391 |

**MEMORANDUM OPINION**

This case is before the Court on the Petitioner's Motion to Vacate and Correct his Sentence pursuant to Title 28, United States Code (U.S.C.), Section 2255.

This case originated from an investigation into a large-scale cocaine trafficking ring operating in the Washington, D.C. metropolitan area. Yahya Azim Watson obtained narcotics from California and had the narcotics shipped to the Washington metropolitan area, with the assistance of co-conspirators, to distribute to others. Cause was established through bulk cash seizures, informant information, state-court authorized wiretap intercepts, search and seizure warrants, and the interception of a package containing approximately 7 (seven) kilograms of cocaine.

A Criminal Complaint was filed against the Petitioner in the Eastern District of Virginia on August 24, 2007. A federal grand jury in the Eastern District of Virginia returned an Indictment against Mr. Watson on September 27, 2007. The Indictment charged Yahya Azim Watson with Conspiracy to Distribute and Possess with Intent to Distribute Five (5) Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Indictment further charged that, if convicted, the Petitioner shall forfeit to the United States $1.2 million, which constitutes proceeds obtained as a result of the offense.

On October 22, 2007, the United States filed a Criminal Information, indicating that the Government would rely on Petitioner's prior conviction for Possession with Intent to Distribute Marijuana to increase the statutory penalties, including increasing the minimum term of imprisonment from ten to twenty years.

On November 27, 2007, Petitioner, and defense counsel Drewry B. Hutcheson, Jr., appeared before this Court and pled guilty to the Indictment without a written plea agreement. On February 29, 2008, an Order was entered granting Mr. Hutcheson's Motion to Withdraw as Attorney for Yahya Watson. On February 29, 2008, Matthew Alan Wartel was appointed to represent Yahya Watson. On May 12, 2008, Petitioner was sentenced to three hundred and twenty-four (324) months incarceration and a ten (10) year term of supervised release.

On May 7, 2008, Petitioner filed a Motion to Withdraw Guilty Plea and the Motion was denied by this Court on May 9, 2008. On May 9, 2008 the Petitioner filed a Notice of Appeal to the Fourth Circuit. The Fourth Circuit issued an unpublished, per curiam opinion upholding the District Court's decision to deny Petitioner's Motion on March 23, 2009.

On April 13, 2009, the Petitioner filed a Petition For Re Hearing *En Banc* with the Fourth Circuit, which was denied on May 12, 2009. Petitioner also filed a Petition For Writ Of Certiorari on October 29, 2009 to the Supreme Court. On December 8, 2009, the Petition was denied. Watson then filed the instant Motion for relief pursuant to 28 U.S.C. § 2255 on December 2, 2010.

A petitioner collaterally attacking his sentence or conviction pursuant to 28 U.S.C. § 2255 bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255 (2008). Wastson's Motion under 28 U.S.C. § 2255 asserts four grounds of relief: 1) improper plea colloquy; 2) improper venue; 3) improper transfer between jurisdictions; and 4) prosecutorial misconduct.

3

A motion pursuant to § 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982) (citing United States v. Addonizio, 442 U.S. 178, 184-185 (1979); Hill v. United States, 368 U.S. 424, 428-429 (1962); Sunal v. Large, 332 U.S. 174, 181-182 (1947); Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942); Glasgow v. Moyer, 225 U.S. 420, 428 (1912); In re Gregory, 219 U.S. 210, 213 (1911)). See also Dragonice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004) (citing Frady); Matthews v. United States, 514 F.Supp.2d 827, 832 (E.D. Va. 2007). Consequently, "the doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal." United States v. Hurdle, Civil Action No. 2:07cv49, Criminal Action No. 2:06cr21, 2007 U.S. Dist. Lexis 37709, at *6 (E.D. Va. May 22, 2007) (applying procedural-default standard to § 2255 motion filed by a defendant who pled guilty and waived his rights to an appeal). See also Matthews v. United States, 514 F.Supp.2d at 833 (same) (citing Wainwright v. Sykes, 433 U.S. 72, 91 (1977) (involving a motion under 28 U.S.C. § 2254); Frady, 456 U.S. at 167-68 (involving a motion pursuant to § 2255 where the defendant was convicted at trial)). Watson's direct appeal only raised claims of ineffective assistance of counsel and that his guilty plea was not knowing, voluntary, and intelligent. Therefore, Watson procedurally defaulted any claims other than those he actually raised on direct

appeal that he was required to appeal prior to seeking alternate relief. See Frady, 456 U.S. at 165 (1982); Matthews v. United States, 514 F.Supp.2d at 832-33; Hurdle, 2007 U.S. Dist. Lexis 37709, at *6.

A procedurally defaulted claim may be considered on collateral review in only limited circumstances. First, procedural default will not act as a bar to collateral relief where a petitioner shows both cause and actual prejudice resulting from the alleged error underlying his § 2255 motion. See Frady, 456 U.S. at 167; Wainwright, 433 U.S. at 84; United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). In demonstrating such error, the petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). See also Hurdle, 2007, U.S. Dist. Lexis 37709, at *6. Second, where a petitioner can demonstrate actual innocence, collateral relief should be granted to avoid a miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 321 (1995). Third, ineffective assistance of counsel claims may be the subject of a proper § 2255 motion despite a failure on the petitioner's part to seek direct review. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Watson does not assert that he is actually innocent of the charges for which he pled guilty. Watson must establish all of his claims for relief pursuant to 28 U.S.C. § 2255 by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); Allgood, 48 F.Supp.2d at 558.

Watson, a pro se litigant, is entitled to a liberal construction of his § 2255 Motion for relief. See United States v. Davis, 532 F.2d 752, 752 (4th Cir. 1976); United States v. Curry, No. 99-7179, 2000 U.S. App. LEXIS 8744, at *2-3 (4th Cir. May 2, 2000) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (involving *pro se* litigant asserting claims under 42 U. S. C. § 1983 and 28 U. S. C. § 1343 (3))); Watkins v. United States, Civil Case No., 4:07cv67, Criminal Case No.: 4:00cr43, 2007 U.S. Dist. LEXIS 62911, at *5-6 (E.D. Va. Aug. 24, 2007) (citation omitted). Nevertheless, a defendant must include in his § 2255 motion for relief each ground supporting his claim for relief. See U.S.C.S. § 2255 PROC. R. 2(b)(1) (LexisNexis 2008). Moreover, a defendant's factual allegations must be stated with sufficient specificity to allow a reader to determine from the face of the motion whether further review is warranted. See id. at 2(b)(2). Accord Hodges v. United States, 316 F. Supp. 2d 688, 693 (S.D. Ill. 2004) (citing Oliver v. United States, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992); Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989); United States v. Aiello,

814 F.2d 109, 113-14 (2nd Cir. 1987); United States v. Unger, 635 F.2d 688, 691 (8th Cir. 1980) (holding that "conclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.") ("A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error."). Cf. Hurdle, 2007 U.S. Dist. Lexis 37709, at 10.

Petitioner claims that his guilty plea was not knowing, voluntary, or intelligent because he was not given adequate notice of the proper mandatory minimum sentence. This claim was fully litigated on direct appeal and the Fourth Circuit issued an unpublished opinion directly addressing this claim, Petitioner is, therefore, barred from relitigating this issue through his § 2255 Motion.

Watson's conviction resulted from his entry of a guilty plea, which, by its very nature, "is more than a confession which admits that the accused did various acts." Boykin v. Ala., 395 U.S. 238, 242 (1969). It is an "admission that [the accused] committed the crime charged against him." N. C. v. Alford, 400 U.S. 25, 32 (1970). By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. United States v. Broce, 488 U.S. 563,

7

570 (1989). Thus, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Id. at 569. A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea: "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508, (1984) (footnote omitted). See also Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Mabry); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Reeves v. United States, Case No. 7:07CV00330, 2007 U.S. Dist. LEXIS 76805, at *6 (W.D. Va. Oct. 16, 2007) (citing Tollett). Thus, when a defendant files a § 2255 motion to challenge the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Broce, 488 U.S. at 569 (1989). See also United States v. Allgood, 48 F. Supp. 2d 554, 559 (E.D. Va. 1999).

The Fourth Circuit has held that defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered" by the court on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). In Boeckenhaupt, even though the defendant alleged that each of the issues was different in substance than those he had raised on direct appeal, the court

8

ultimately held that the issues were previously decided and, therefore, barred from being considered in defendant's § 2255 motion. Id. "It is well established that a § 2255 motion cannot be used to 'relitigate questions that have been raised and considered on direct appeal.'" United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001).

Here, Petitioner raised the claim that his plea was not knowing and voluntary in his direct appeal, arguing that his attorney never explained the "nature and consequences of a guilty plea." Before the Fourth Circuit, Petitioner argued more specifically that the district court erred in denying his Motion To Withdraw because he was mistakenly informed at his plea hearing that he faced a statutory minimum sentence of ten years instead of twenty years. United States v. Watson, No. 08-4524 (4th Cir. Mar. 23, 2009). The Fourth Circuit noted that the mandatory minimum was incorrectly stated during Petitioner's plea colloquy. Id. the court found that the error Petitioner alleges was "harmless" and "did not affect Watson's substantial rights." Id. at 2.

Based on the information from the Fourth Circuit's *per curiam* Opinion in Petitioner's appeal and from Petitioner's own filings, it is clear that the claim Petitioner raised on direct appeal was substantially the same as the claim he presently raises in his § 2255 Petition. This claim was fully litigated in Petitioner's appeal to the district court, his appeal of that decision to the Fourth Circuit,

his Petition For Re Hearing *En Banc* before the Fourth Circuit, and his Petition For Writ Of Certiorari. Therefore, just as in Boeckenhaupt, the question of whether the proper mandatory minimum was included in Petitioner's plea colloquy has been fully considered by the court, and Petitioner is barred from attempting to relitigate the claim under the guise of a 28 U.S.C. § 2255 petition.

The United States Supreme Court has strictly limited the circumstances under which a guilty plea can be attacked on collateral review. Bousley v. United States, 523 U.S. 614, 621 (1998). In Mabry v. Johnson, 467 U.S. 504, 508 (1984), the Supreme Court held that "a voluntary and intelligent plea of guilty made be an accused person, who has been advised by competent counsel, may not be collaterally attacked." The Court has emphasized that "habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Id. (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)). Therefore, a petitioner procedurally defaults any claim that is not raised at trial or on direct appeal and is barred from bringing that claim as a collateral attack. Id. at 622. Where a defendant has procedurally defaulted on a claim, however, the claim may still be raised if defendant can demonstrate cause and prejudice or that he is actually innocent. Id.

Petitioner makes no argument that he is actually innocent, the only exception to procedural default available to the Petitioner thus

is to show cause and prejudice. A showing of cause generally turns on "whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Cause is ordinarily shown by (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with procedural rules, or (3) the novelty of the claim. Slavek v. Hinkle, 359 F.Supp.2d 473, 480 (E.D.Va 2005).

Petitoner's claims for improper venue and improper and involuntary transfer are based entirely on the merits of each respective argument. Petitioner never assert in either claim that counsel was ineffective in failing to raise these claims through either a pre-trial motion or on direct appeal. Likewise, Petitoner fails to argue in either of these claims that factors external to the Petitioner impeded his raising either claim earlier in the proceedings. The grounds for both of these alleged claims were known to the Petitoner before he pled guilty. Petitioner asserts that venue was not proper in the Eastern District of Virginia, this claim could have been raised as soon as Petitioner was formally charged in the Eastern District of Virginia. The informational basis Petitioner lays for this claim concerns the venue where charges have been brought and the location of Petitioner's criminal activity. These were all facts known to the Petitioner before he pled guilty. Petitioner's

11

claim concerning improper transfer between jurisdictions concerns his arrest, basis for that claim was known to Petitioner before any formal charges were brought. Therefore, there are no factors external to the Petitioner that impeded his ability to comply with the procedural rules. In addition, neither of these claims is novel to the present case.

Even if Petitioner can assert cause, he must also make a showing as to prejudice. "To establish prejudice adequate to excuse the default, a petitioner must show that the prejudice arising from the asserted constitutional error 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Slavek, 350 F.Supp.2d at 480 (quoting Mickens v. Taylor, 240 F.3d 348, 356-57 (4th Cir. 2001)). Here, Petitioner fails to argue in either of his claims that these issues affected his decision to plead guilty. While Petitioner asserted that these claims raise questions of error in the underlying indictment and charges brought against him, the error he alleges fails to rise to an "actual and substantial disadvantage" that infected his guilty plea. Neither of these claims are novel to the Petitioner and both are based on factual foundations known to Petitioner and counsel before the guilty plea was entered. Given that Habeas review is an extraordinary remedy, there is no prejudice

asserted by the Petitioner to allow collateral attack of the guilty plea on either of these claims. See Bousley, 523 U.S. at 621.

Finally, Petitioner makes an argument that his guilty plea should be vacated because of selective prosecution. A claim of selective prosecution must be made prior to trial. United States v. Abboud, 438 F.3d 554, 579 (6th Cir., 2006) (citing Fed. Rule. Crim. Pro. 12(b)(1), 12(f)). Petitioner failed to make such a claim prior to his guilty plea and thus defaulted on this claim. Even assuming arguendo that Petitioner has cause because he was unaware of the outcomes of the co-conspirator's cases prior to his guilty plea, Petitioner failed to make an adequate showing to substantiate a claim of selective prosecution.

In order to overcome the presumption that a prosecution did not violate the equal protection clause, a defendant must show evidence that the decision to prosecute had a discriminatory effect and was made out of discriminatory intent. United States. v. Armstrong, 517 U.S. 456, 465-66 (1996). For discriminatory effect, a defendant must show that he is similarly situated to individuals of another race who were not prosecuted for the same conduct. Id. Here, the Petitioner summarily alleges that two individuals in the same conspiracy were not prosecuted and that they were of another race. However, the Petitioner does not allege that these non-prosecuted persons committed the same acts as the Petitioner. Further, he does

13

not allege at all that there was discriminatory intent.  Thus he does not overcome the presumption that the decisions to prosecute or not to prosecute were constitutional.

For the foregoing reasons, Watson's Motion pursuant to 28 U.S.C. § 2255 should be denied.

An appropriate Order shall issue.

/s/<br>Claude M. Hilton<br>United States District Judge

Alexandria, Virginia
December 20, 2011

14