IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| YAHYA AZIM WATSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Criminal No. 01:07-cr-396 |
| ) | Civil Action No. 01:13-cv-1162 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Yahya Azim Watson's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with Conspiracy to Distribute and Possess with Intent to Distribute Five (5) Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On November 27, 2007, Petitioner and defense counsel Drewry B. Hutchenson, Jr., appeared before the United States District Court for the Eastern District of Virginia and pled guilty to the Indictment without a written plea agreement. On February 29, 2008, an Order was entered granting Mr. Hutcheson's Motion to Withdraw as Attorney for Petitioner. On February 29, 2008, Matthew Alan Wartel was appointed to represent Petitioner. On May 12, 2008, Petitioner was sentenced to 324 months of incarceration with 10 years supervised release.

On May 7, 2008, Petitioner filed a Motion to Withdraw Guilty Plea, which was denied on May 9, 2008. Also on May 9, 2008, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit issued an unpublished, per curiam opinion upholding the District Court's decision to deny Petitioner's Motion on March 23, 2009.

On April 13, 2009, Petitioner filed a petition for rehearing en banc with the Fourth Circuit, which was denied on May 12, 2009. Petitioner also filed a petition for writ of certiorari on October 29, 2009 to the Supreme Court; this petition was denied on December 8, 2009.

On December 2, 2010, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255. The United States filed a response to Petitioner's Motion on November 10, 2011. On December 20, 2011, Petitioner's Motion was denied by order of the District Court.

Petitioner filed a Notice of Appeal and a Request for Certificate of Appealability as to the Order denying the Motion for relief pursuant to 28 U.S.C. § 2255 on February 17, 2012. On February 24, 2012, the Fourth Circuit issued an order remanding to the District Court for the limited purpose of permitting the District Court to supplement the record with an order granting or denying a Certificate of Appealability. The District Court denied Petitioner's Motion for Certificate of Appealability on

February 29, 2012. On October 1, 2012, the Fourth Circuit issued a judgment that the Certificate of Appealability was denied and the appeal was dismissed. The judgment took effect upon the issuance of the Fourth Circuit's Mandate as to Petitioner's Notice of Appeal on November 26, 2012.

On September 17, 2013, Petitioner filed a successive Motion to Vacate, Set aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 with a Memorandum in Support. For the reasons stated below, the Court denies Petitioner's challenge.

On a motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, the petitioner bears the burden of proving the grounds for collateral relief by a preponderance of evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). A prisoner seeking to file a successive motion pursuant to 28 U.S.C. § 2255 in the district court must first obtain authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3); 28 U.S.C.A. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); United States v. MacDonald, 641, F.3d 596, 603 (4th Cir. 2011). This certification process is intended to prevent "abuse of the habeas writ" by having the Court of Appeals perform a "gatekeeping" function when it reviews successive habeas

petitions. Corrao v. United States, 152 F.3d 180, 190 (2d Cir. 1998).

This Court concludes that there is no evidence in the record to suggest that Petitioner has obtained the requisite certification from the United States Court of Appeals for the Fourth Circuit. Therefore, this Court lacks jurisdiction to entertain Petitioner's recent and successive 28 U.S.C. § 2255 petition. See 28 U.S.C.A. § 2244(b)(3); 28 U.S.C.A. § 2255(h); Winestock, 340 F.3d at 205; MacDonald, 641 F.3d at 603.

For the reasons set forth above, Petitioner's motion is DENIED.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
December 23, 2013