IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal No. 1:07-cr-396 |
| v. | ) | |
| | ) | |
| YAHYA WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Emergency Motion for Compassionate Release for Extraordinary and Compelling Circumstances pursuant to 18 U.S.C. § 3582(c)(1)(A) and Reduction of Sentence pursuant to Amendment 782 to the United States Sentencing Guidelines and the First Step Act.

On November 27, 2007, Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute five kilograms of cocaine. On May 7, 2008, Defendant was sentenced to 324 months of incarceration followed by ten years of supervised release. Defendant is currently being held at FCI Fort Dix and has served a little over 13 years of his lengthy sentence. Defendant's anticipated release date is November 19, 2030, approximately ten years away.

Defendant now seeks compassionate release based on his medical conditions. The Court finds that Defendant has not provided any "extraordinary and compelling reasons" that justify release under 18 U.S.C. § 3582(c)(1)(A). To show that COVID-19 presents a sufficient justification for release, defendants must prove (1) a "particularized susceptibility" to COVID-19, and (2) a "particularized risk" of contracting COVID-19. United States v. White, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting United States v. Feiling, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)). The Defendant bears the burden of proving both elements. Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49. 56-57 (2005). In this case, the Defendant fails to meet this burden.

As to the first element, Defendant cannot show that his medical conditions make him particularly susceptible to the negative effects of COVID-19. Defendant suffers from asthma and uses an as-needed inhaler to treat his condition. Defendant argues that his race makes his asthma a greater concern and also that it makes him more susceptible to the negative effects of COVID-19. However, the Court finds that, without more detailed records of Defendant's asthma, this condition does not place him in a high-risk category. See Coronavirus Disease 2019: People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-

2

extra-precautions/people-with-medical-conditions.html (Last updated Dec. 1, 2020).

The CDC gives guidance on which persons should take extra precautions to avoid contracting the novel coronavirus. Persons who suffer from moderate to severe asthma are in the category of those who might be at a higher risk of severe illness, but those with less severe forms of asthma do not fall into this category. Id. Defendant's medical records do not show that his asthma substantially interferes with his daily life since it can be treated with an as-needed inhaler. Since Defendant has provided no evidence that his asthma has been ineffectively managed in prison, the condition does not create an extraordinary circumstance that would justify release. See United States v. Shmuckler, 2019 WL 6257959, at *3 (E.D. Va. Nov. 22, 2019).

Defendant being an African American man does not change this analysis. The CDC recognizes that members of minority groups can suffer health disparities; however, these disparities are not based on biological makeup but on other factors. The CDC points to "social determinants of health, such as poverty and healthcare access" that contribute to negative outcomes from COVID-19 infection in minority communities. See Health Equity Considerations and Racial and Ethnic Minority Groups, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/health-

3

equity/race-ethnicity.html (Last updated Jul. 24, 2020). Defendant has regular access to medical care at FCI Fort Dix. Defendant's race does not transform his asthma into a more severe type, and it does not by itself mean that he is more susceptible to the negative effects of COVID-19.

As to the second element, Defendant has not proved that his release plan will decrease the likelihood of contracting COVID-19. Defendant proposes that he be released to live with his mother and brother in Germantown, Maryland. Germantown sits in a county that has over 36,000 positive cases. Defendant's release would not necessarily be any safer for him because he would be released to a home that does not follow the strict procedures laid out in the BOP's modified operations plan and he would be living in a county with a significant number of positive COVID-19 cases. Additionally, Defendant's release might expose others to the dangers of COVID-19 because he would need to interact with his family, his probation officer, and other members of the community. See United States v. Feiling, 2020 WL 1821457, at *8 (E.D. Va. Apr. 10, 2020) ("Defendant's release on home confinement presents its own risks to Defendant's health, the health of his family and public safety."). Since Defendant's release plan does not prove that he is less likely to contract COVID-19 outside of Fort Dix, his current incarceration does not present a *particularized* risk of contracting COVID-19.

4

Even if Defendant could show a particularized susceptibility to the virus and a particularized risk of contracting the virus, the statutory sentencing factors weigh against granting the Defendant's motion for compassionate release. Compassionate release is an extraordinary remedy and is only appropriate when a defendant does not pose a danger to the community. U.S.S.G 1B1.13(2).

Defendant engaged in a large cocaine distribution business in the Washington D.C. area. He received a downward departure from the sentencing guidelines at his original sentencing, but even with the departure, Defendant received a sentence of 324 months. Defendant has ten years remaining on that sentence. Reducing Defendant's sentence by such a lengthy amount of time would not promote respect for the law or deter future offenders from engaging in similar conduct. See Porter-Eley v. United States, 2020 WL 3803030, at *3 (E.D. Va. July 6, 2020) (noting the importance of deterrence and a just sentence when considering a motion for compassionate release).

After considering the statutory sentencing factors, this Court finds that the Defendant poses a danger to the community. The Court has also considered the Defendant's family issues and the Defendant's initiative to better himself while in prison, and while the Court is sympathetic, these considerations do not weigh heavily enough to justify release. The Court finds that

5

compassionate release is not appropriate here for the reasons stated.

The Defendant brings an additional ground for relief, asking that his sentence be reduced under the provisions of Amendment 782 and the First Step Act. For purposes of an Amendment 782 motion, Defendant falls into criminal history category VI, even though the Court departed downward at sentencing to place Defendant in criminal history category III. Under Amendment 782, a defendant's eligibility for a sentence reduction is determined before any departure at the original sentencing. U.S.S.G. § 1B1.10 cmt. 1(A). Since the government has not moved for a departure from the Guidelines range, Defendant is ineligible for a sentence reduction below the minimum of the Guidelines range for his particular offense. See Id.; see also United States v. Steele, 714 F.3d 751, 752 (2d Cir. 2013). Since the minimum sentence within Defendant's Guidelines range is 360 months, Defendant is not eligible for a sentence reduction under Amendment 782.

Defendant also asserts that the First Step Act entitles him to a reduced sentence because, as of 2018, his prior conviction for possession with intent to distribute marijuana can no longer serve as a predicate to enhance his mandatory minimum sentence. Defendant's argument misinterprets Section 401 because the provision relating to enhanced mandatory minimums does not apply

6

retroactively. 132 Stat. 5194, 5221 (Dec. 21, 2018). The Act makes clear that the amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Defendant was sentenced on May 12, 2008, well before the Act was enacted on December 21, 2018. Since Defendant's sentence was imposed prior to the date of enactment, the Act does not apply retroactively to change his mandatory minimum sentence. Cf. United States v. Jordan, 952 F.3d 160, 172-74 (4th Cir. 2020); see also United States v. Thomas, 810 F. App'x 207 (4th Cir. 2020) (per curiam). Since the First Step Act does not apply retroactively, Defendant is not entitled to a sentence reduction.

For the foregoing reasons, the Court finds that Defendant has not provided extraordinary or compelling reasons for compassionate release as required by 18 U.S.C. § 3582(c)(1)(A)(i), and he does not qualify for a sentence reduction under either Amendment 782 or the First Step Act. An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 11, 2020

7